IN THE RECORDS OF THE CIRCUIT COURT
FOR FREDERICK COUNTY, STATE OF MARYLAND,
AMONG OTHER PROCEEDINGS
IS THE FOLLOWING, TO WIT:

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RECEIVED
BURLINGTON COUNTY SHERIFF
2012 DEC 10 A 10: 16

**IN THE CIRCUIT COURT OF FREDERICK COUNTY**
**STATE OF MARYLAND**

| | | |
|---|---|---|
| JOHN R. UNTHANK and JACKIE D. UNTHANK, <br>     Plaintiffs, <br><br> vs. <br><br> FREEDOM MORTGAGE CORPORTION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and SEQUOIA MORTGAGE TRUST, 2010 H1, <br><br>     Defendants, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO.: |

```
Case: 10-C-12-003434
CF-Civil Fili
                    $80.00
MLSC
                    $55.00
TOTAL              $135.00

Receipt #201200006803
Cashier: SPC CCFRCR2
```

**VERIFIED COMPLAINT FOR FRAUD; QUIET TITLE; SLANDER OF TITLE; DECLARTORY RELIEF; INJUNCTIVE RELIEF; ACCOUNTING; DECEPTIVE, UNFAIR TRADE PRACTICE; PREDATORY LENDING; CANCELLATION OF NOTE AND DEED OF TRUST; UNJUST ENRICHMENT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

      Plaintiffs, John R. Unthank and Jackie D. Unthank, Pro Se, sues Defendants Freedom Mortgage Corporation (hereinafter referred to as "Freedom Mortgage"); Mortgage Electronic Registration (hereinafter referred to as "MERS") and SEQUOIA MORTGAGE TRUST, 2010, H1, and as grounds therefore would state as follows:

### INTRODUCTION

      1. This is an action for Fraud, Fraudulent Mortgage Documents; Quiet Title; Slander of Title; Declaratory Relief; Injunctive Relief; An Accounting; Deceptive and Unfair Trade Practice; Predatory Lending; Cancellation of Note and Deed of Trust; Unjust Enrichment; and for Breach of the Covenant of Good Faith and Fair Dealing based upon the facts and allegations set forth with more particularity below.

### THE PARTIES

      2. Plaintiffs John R. Unthank and Jackie D. Unthank, are the owners of the property located at 9513 Tottenham Circle, Frederick, Maryland and legally described as follows:

LOT 17024 AS SHOWN AND SET OUT ON A PLAT ENTITLED "FINAL PLAT SECTION M-17 LOTS 17016-17024 AND PARCEL 13G VILLAGES OF URBANA, URBANA P.U.D. AND RECORDED AMONG THE LAND RECORDS OF FREDERICK COUNTY, MARYLAND IN PLAT BOOK 82 PAGE 64. THE IMPROVEMENTS THEREON BEING COMMONLY KNOWN AS 9513 TOTTENHAM CIRCLE, FREDERICK, MD 21704. BEING THE SAME PROPERTY CONVEYED TO JOHN R. UNTHANK AND JACKIE D. UNTHANK FROM MONOCACY LAND COMPANY, LLC, BY FEE SIMPLE DEED DATED SEPTEMBER 28, 2007, AND RECORDED ON OCTOBER 15, 2007, IN LIBER 6767, FOLIO 67.

3. Plaintiffs are natural persons over the age of eighteen, are Maryland residents and otherwise sui juris.

4. Defendant Freedom Mortgage Corporation is a foreign corporation engaged in real estate mortgage lending in Frederick County, Maryland and subject to the jurisdiction of the Court, with an address listed at 907 Pleasant Valley Avenue, Suite 3, Mount Laurel, New Jersey 08054.

5. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware Corporation and warehouse, doing business in Frederick County, Maryland subject to the jurisdiction of this Court with an address listed at 1818 Library Street, Suite 300, Reston, Virgina 20190.

6. Defendant Sequoia Mortgage Trust 2010 H1 (hereinafter referred to as "Sequoia") is a securitized mortgage trust engaged in a securitization mortgage scheme. Said Trust lists RWT Holdings, Inc. as seller and sponsor; Sequoia Residential Funding, Inc. as Depositor; CitiMortgage, Inc. as originator and servicer, and Wells Fargo Bank, N.A. as Trustee with a commencement date of April 21, 2010. Said Trust can be served through the Securites & Exchange Commission at its Headquarters located at 100 F Street NE, Washington, D.C. 20549 and is subject to the jurisdiction of this court by virtue of doing business in Frederick County, Maryland as evidenced by the subject transaction.

7. All acts complained of occurred in Frederick County, Maryland.

## INTERRELATIONSHIPS OF DEFENDANT PARTIES

8. Plaintiffs, upon information and belief, believe and allege that in committing certain acts herein alleged, some or all of the Defendants herein named were acting as the agents, joint venturers, partners, representatives, subsidiaries, affiliates and /or employees of some or all of the other Defendants and that some or all of the conduct of such Defendants, as complained of herein, was within the course and scope of such relationship. As such, all Defendants are jointly and severally liable for the acts and omissions of all of the other defendants by virtue of their participation in the corrupt securitization scheme involving the subject Note and Deed of Trust.

## JURISDICTION AND VENUE

9. Jurisdiction and venue are proper in the Circuit Court of Frederick County as plaintiff's property is located in Frederick County, plaintiffs reside in Frederick County, the subject transaction took place in Frederick County, defendants are engaged in business within Frederick County and all acts complained of occurred in Frederick County.

## FACTUAL ALLEGATIONS

10. Plaintiff and Defendants Freedom Mortgage and MERS engaged in a mortgage loan transaction in 2010. The note was executed by Plaintiff to Defendant Freedom Mortgage and the Deed of Trust was executed by Plaintiffs to Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary of the security interest in the subject property.

11. Upon information and belief, the deed of trust was allegedly subsequently Assigned or sold to Defendant Sequoia as part of a mortgage securitization scheme. Any such transaction is a false, fraudulent, fabricated transaction. Since any assignment transfer of the subject Note and Deed of Trust to any of the defendants is and was invalid, illegal and null and void, none of the defendants ever obtained legal rights in and to Plaintiffs property.

12. Defendants sold the loan and transferred the deed of trust to Defendant Sequoia securitized mortgage Trust, known as a Special Purpose Vehicle (SPV), and also known as a Real Estate Investment Conduit (REMIC) tax structure more commonly known as a mortgage backed

security (MBS). Upon information and belief, during the period of 2010, Defendants sought to sell home loans by means of securitization transactions. Defendants increased the amount of loans sold, rather than hold and service Defendants became less vigilant in guarding against the risk of defaults and delinquencies. Loan fees and sales revenues became Defendant's primary profit mechanism, making the sheer quantity of loans issued more important than the quality of any loan. Defendants abandoned their stated underwriting and appraisal standards, and other methods of risk assessment, in order to increase loan origination quantities. The end result was Defendant allowing Plaintiffs to borrow more than Plaintiffs could ever afford to repay. These are classic asset-based predatory loans, which clearly show a pattern of placing Defendants interests ahead of Plaintiff's interest and is in breach of the covenant of good faith and fair dealing implicit in all transactions.

13. As in this case, SPV's (Special Purpose Vehicles) and REMIC's are investment vehicles that hold commercial and residential mortgages in trust and issue securities representing an undivided interest in these mortgages. An SPV or REMIC assembles mortgages into pools and issues pass-through certificates, multi-class bonds similar to a collateralized mortgage obligation (CMO) or other securities to investors in the secondary mortgage market, known as certificate-holders. Mortgage-backed securities issued through an SPV or REMIC can be debt financings of the issuer or a sale of assets. Legal form is irrelevant; trusts, corporations and partnerships may all elect to have SPV or REMIC status, and even pools of assets that are not legal entities may qualify as SPV's or REMIC's.

14. All named Defendants have intentionally misrepresented their role, status, interest, motive and actions as concerns Plaintiff's property and they have done so to make it appear that they can meet the statutory notice requirements in Maryland to foreclose in the event of a default, and to exercise other rights in the property, which they are not legally entitled to do.

15. Because the sale into Defendant Sequoia Trust was a false, fraudulent and fabricated transaction and not legally valid, the purported defendants never obtained any legal interest or

right to enforce the note or exercise rights regarding the deed of trust, the subsequent sale of the note and deed of trust in the subject property were and are illegal and wrongful under Maryland law. Absent a valid, legal transaction, none of the named Defendants have any legal rights in or to the subject property and no right to exercise any rights on Plaintiffs property.

16. When Plaintiffs signed a Promissory Note and Deed of Trust, they were unknowingly converting their property and the negotiable instrument into an asset of a Mortgage Backed Security ("MBS"). Plaintiffs were never informed of the nature of the scheme and that they were deliberately induced into signing a negotiable instrument which was never intended as collateral for a MBS (Mortgage Backed Security). Plaintiffs were led to believe that this was a loan from Defendant Freedom Mortgage and Defendant never advised them that they were involved with an MBS.

17. Upon information and belief, the sale was needed to qualify for the tax benefits of a Real Estate Mortgage Investment Conduit (REMIC) transaction. This transaction was beneficial for the investors and helped to fuel massive securitization transactions such as this series. Defendants are jointly and severally liable due to their participation in the corrupt securitization scheme involving the subject Note, Deed of Trust and subject property.

18. Defendants had a duty to disclose these material facts to Plaintiffs prior to the transaction taking place, which non-disclosure of the true identity of the true lender at closing and the nature of the transaction was material to the transaction. Plaintiff's loan was part of the MBS scheme, a sophisticated scheme done to enrich the Defendants and the many others who profited by taking a slice of the profit and passing the risk forward.

## COUNT I-FRAUD

19. Plaintiffs re-allege and re-aver the allegations contained in paragraphs 1-18.

20. Defendants failed to disclose material facts, which they had a duty to disclose, concerning this transaction and the failure to disclose created a material misrepresentation of material fact concerning the transaction, and Defendants knew, or should have known that

Plaintiffs were laboring under a misapprehension of the true facts. Said non-disclosures and misrepresentation of material facts were done deliberately and intentionally and was done in reckless disregard of the true facts and of Plaintiff's rights. Said representations were false, and were known to be false by Defendants. The non-disclosure of material facts and the misrepresentation of these material facts, include, but not necessarily limited to the following:

21. Plaintiff was led to believe by Defendant Freedom Mortgage, the originating lender in the subject transaction, that this was a loan from said Defendant to Plaintiffs, and never disclosed to Plaintiffs or advised Plaintiffs that upon signing the promissory note and deed of trust that Plaintiffs were unknowingly converting their property into an asset of a mortgage backed security or MBS. Defendant deliberately induced Plaintiffs into signing a negotiable instrument which was never intended as such, but was converted from a negotiable instrument into a mortgage backed security. Said representations as set forth above, were false and known to be false by Defendants, and was done with the intent that Plaintiff rely upon said representations, and knew that Plaintiffs were not aware of the true facts due to Defendants non-disclosure. Plaintiffs justifiably relied upon Defendant's representations and was injured and suffered monetary and other damages as well which were directly and proximately caused by reliance upon Defendant's fraudulent misrepresentations.

22. Plaintiffs' home, encumbered by a Deed of Trust and promissory note made with the originator named as lender and Defendant MERS listed as nominee and mortgagee, is the property at issue in this foreclosure action. Defendants' conversion into a trust entity also known as a Special Purpose Vehicle became an alleged successor in interest to the originator lender and issued securities collateralized by the mortgage under a master pooling and servicing agreement by which all legal and equitable interest was transferred to the certificate-holders. Defendant is acting in the capacity of the alleged representative for and nominee of the certificate-holders for the purposes of foreclosure of the property because the loan is allegedly in default. Defendants

Freedom Mortgage, MERS and Sequoia are not the holders or owners of the note and Deed of Trust, and said Defendants never had the legal ability to assign the Deed of Trust to any Defendant which purported Assignment was false, fraudulent and fabricated.

23. Because the mortgage was securitized, the mortgage was rendered unenforceable. Securitization of the mortgage created restrictions upon modification of the mortgage which had not been approved by the mortgagor. Securitization also converted the mortgage note from an alienable, transferable instrument which was and could be sold into as an instrument which cannot be sold, transferred or alienated, without amending the terms and conditions of the Deed of Trust. In either case, the action renders the deed of trust unenforceable.

## IMPROPER RESTRICTIONS

24. In this case, the mortgage is a security agreement between the creditor and debtor to secure repayment of the loan by encumbering collateral for the benefit of the creditor. Both parties agree that the security agreement may not be modified or amended by one party without the prior written consent of the other. The master pooling and servicing agreement which is the organic document creating mortgage backed securities, changes the terms and conditions of the mortgage. The changes are made unilaterally by the holder of the mortgage as a successor to the original mortgagee named in the mortgage. The changes are made without the consent of the mortgagor. When the parties executed the mortgage, the mortgagor was neither obligated to agree to an alternate dispute resolution in the event of a default nor restricted from entering an alternate dispute resolution. When signing the mortgage, the mortgagor neither knew nor had reason to know that a successor in interest to the mortgagee would subsequently self-impose restrictions upon modification of the mortgage and create liability for itself by modifying the loan.

25. The master pooling and servicing agreement creates restrictions upon modification of the promissory note by:

(a)   Imposing the restriction needed on mortgage modification to qualify for pass through tax

treatment under IRS regulations.

(b) Imposing restrictions upon the number of mortgages in the pool which may be modified.

(c) Providing a procedure for foreclosure but no procedure to modifying the loan as an alternate dispute resolution.

(d) Creating securities with classes of ownership ("tranches") with adverse and opposing financial interests resulting in so called "tranche warfare" so that a modification which favors one tranche may work a detriment upon another.

(e) Restricting the ability to lower interest payments on the note.

(f) Restricting the ability to increase the number of payments to be made.

(g) Restricting the ability to defer payments.

(h) Restricting the ability to extend the term of the mortgage.

(i) Restricting the ability to impose a temporary moratorium on payments.

(j) Restricting the ability to accept "short sales".

26. Declaratory relief or invalidation of the restrictions created by the master pooling and servicing agreement will not remedy the problem. Given the potential liability of the issuer and securitizer of the note to certificate holders, the holder will not modify the mortgage even if the restrictions on modification of the mortgage are nullified.

## IMPROPER CONVERSION

27. In this case, the securitization of the deed of trust constitutes a conversion of the asset rendering it null, void and unenforceable. The holder of the note of a pass through trust has no legal or equitable interest in the securitized mortgages. The holder profits from the fees collected from foreclosure. The certificate holders, guarantors and mortgage insurers bear the losses. Foreclosure avoids litigation from disgruntled certificate holders who could claim a mortgage modification improperly resulted in a financial loss. By separating the incidence of loss from the authority to foreclose, the original note has been altered resulting to a change to the mortgage without the consent of the mortgagor. The conversion of the deed of trust to mortgage

backed securities renders the deed of trust unenforceable.

28. The interests of the Plaintiffs as mortgagors are adversely and materially affected by these changes, resulting in a fraudulent transaction accomplished through the non-disclosure and misrepresentation of material facts by Defendant Freedom Mortgage and by the other Defendants involved in this transaction. Said Defendants made said representations, which they knew to be false; said representations were material to the transaction; Defendants knew the representations were false and made said representations with the intent that Plaintiffs should rely on the false representations; Plaintiffs did not know that the representations were false at the time they were made to him and her. Plaintiffs justifiably relied on said representations by Defendants; Plaintiffs were damaged and injured as a result of their reliance on the false representations by defendants.

29. Defendants never disclosed the true identity of the true owner of the note and deed of trust, which it had the duty to disclose. Any subsequent assignment of the deed of trust by Defendant MERS, was fraudulent in that Defendant wrongfully induced Plaintiffs into said transaction rendering it null and void. Therefore, all subsequent assignments are all null and void. Defendants do not have any legal interest in Plaintiff's Note or deed of trust and cannot legally exercise any rights in the property or foreclose on the Deed of Trust.

30. Defendants have never produced the original note despite numerous requests to produce the original wet ink promissory note. Upon information and belief, said defendants do not have physical possession of the original promissory note signed by Plaintiffs at closing. Said Defendants have misrepresented their ability to enforce the note and foreclose on the security interest, thereby defrauding Plaintiff and this Honorable Court.

31. By securitizing Plaintiff's Note and deed of trust without Plaintiff's knowledge and consent, and failing to disclose the securitization scheme, when they had a duty to disclose facts that were material to the transaction, Defendants defrauded Plaintiffs.

32. The aforementioned actions by defendants were done willfully, wantonly, intentionally and in reckless regard for the truth and without disclosure to Plaintiffs and such

behavior shocks the conscience. Had the true facts been disclosed to Plaintiffs, Plaintiffs would not have entered into the fraudulent transaction. Plaintiffs justifiably relied upon the superior knowledge of the originating lender and other real estate and lending professionals, which reliance was justifiable under the circumstances, because Plaintiffs could not have learned the true facts by themselves under the circumstances.

33. As a direct and proximate result of Defendants actions, Plaintiffs have been damaged financially, including but not limited to their down payment, closing costs, prepaid items, interest, all mortgage payments made, and other financial costs and also including mental distress and other damages.

WHEREFORE, Plaintiffs demand judgment against Defendants for actual, compensatory, consequential and exemplary damages, cost of this action and such other and further relief as the Court deems equitable, appropriate and just.

## COUNT II-QUIET TITLE

34. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-33 of this Complaint and incorporates same by reference into this Count.

35. This is an action to Quiet Title pursuant to Maryland law.

36. At all times material hereto Plaintiff/Petitioner was and is the fee simple owner of that certain real property located at 9513 Tottenham Circle, Frederick, Maryland 21704 and legally described as follows:

> LOT 17024 AS SHOWN AND SET OUT ON A PLAT ENTITLED "FINAL PLAT SECTION M-17 LOTS 17016-17024 AND PARCEL 13 G VILLAGES OF URBANA, URBANA P.U.D." AND RECORDED AMONG THE LAND RECORDS OF FREDERICK COUNTY MARYLAND IN PLAT BOOK 82, PAGE 64. THE IMPROVEMENTS THEREON BEING COMMONLY KNOWN AS 9513 TOTTENHAM CIRCLE, FREDERICK, MD 21704. BEING THE SAME PROPERTY CONVEYED TO JOHN R. UNTHANK AND JACKIE D. UNTHANK FROM MONOCACY LAND COMPANY, LLC, BY FEE SIMPLE DEED DATED SEPTEMBER 28, 2007, AND RECORDED ON OCTOBER 15, 2007, IN LIBER 6767, FOLIO 67.

37. Plaintiff's/Petitioner's interest is evidenced by a written Warranty

Deed, and at all times herein are the owners and the persons entitled to possess of the subject property.

38. Plaintiff's/Petitioners, pursuant to Maryland law, quiets title against all claimants known and unknown to the Plaintiffs/Petitioners, including but not limited to all Defendants listed in this Complaint.

39. Venue is proper in this Court and in this County in that the real property is located within the jurisdiction of this court and within the territorial limits of Frederick County.

40. Plaintiffs/Petitioners are aware of an adverse claim to an interest in the subject property by virtue of a certain Deed of Trust in favor of Defendant. Said Deed of Trust is recorded in the public records of Frederick County, Maryland, and is the subject of a foreclosure, despite the fact that said Defendants were not and are not proper secured creditors under Maryland law. Said Deed of Trust is a cloud on Plaintiffs/Petitioner's title, in that the Deed of Trust creates an impermissible cloud due to fraud in violation of Maryland code, as more particularly set forth in the body of this Complaint. This proceeding is brought to remove the aforementioned clouds based upon the aforementioned grounds pursuant to Maryland law.

41. The claims of Defendants and all others and each of them claim an interest in the property adverse to Plaintiffs/Petitioners herein. Said claims of said defendants is without any right whatsoever and said Defendants have no legal or equitable right, claim or interest in said property.

42. The names of the adverse claimants are set forth in paragraphs 4 through 6 of this Complaint.

43. Plaintiffs/Petitioners have filed contemporaneously with the filing of this Complaint a Lis Pendens as required by law.

44. Plaintiffs therefore seek a declaration that the title to the subject property is vested in Plaintiffs alone and that Defendants/Respondents-adverse claimants, and each of them, be

declared to have no estate, right, title or interest in or to the subject property and that said Defendants/Respondents and each of them be forever enjoined and restrained from asserting any estate, right, title or interest in the subject property adverse to Plaintiffs/Petitioners herein.

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants and each of them as follows:

A. For an Order compelling said Defendants and each of them to transfer legal title and possession of the subject property to Plaintiffs/Petitioners herein.

B. For a declaration and determination that Plaintiffs/Petitioners are the rightful holders of title to the subject property and that Defendants herein, and each of them be declared to have no estate, right, title or interest in said subject property.

C. For a Judgment forever enjoining said Defendants, and each of them, from claiming any estate, right, title or interest in the subject property.

D. For costs of suit and reasonable attorneys fee, if allowable.

E. For such other and further relief as the Court may deem equitable, appropriate and just.

## COUNT III-SLANDER OF TITLE

45. Plaintiffs re-allege and re-aver the allegations contained in paragraphs 1-44 and incorporates same by reference into this Count.

46. Only a proper secured creditor can by Maryland law enforce, exercise rights, or ultimately foreclose a security interest in a Deed of Trust or cause to be published any notices regarding the subject property, or sell and obtain a deed to the property. The named Defendants and any parties claiming through them, and their attorneys wrongfully encumber the subject property without any legal right to do so, in violation of the Maryland Code.

47. Named defendants and their attorneys, purportedly but falsely acting as secured creditor or on behalf of secured creditors wrongfully and without privilege encumbered the subject property.

48. None of the named Defendants, either jointly or severally were ever a proper secured

creditor or beneficiary of a proper security interest or Deed of Trust on the subject property. Named Defendants attorneys, knew, or should have known that encumbering the subject property by these defendants was improper, illegal and violated Maryland law.

49. Named defendants wrongfully and without privilege published matters or caused matters encumbering the subject property, which is damaging and disparaging to Plaintiff's interest in the subject property.

50. By doing the acts described above, the named Defendants and their attorneys, have slandered Plaintiff's title to the subject property.

51. The conduct and acts of the named Defendants and their attorneys, violated Maryland statutory law and such conduct and acts were not privileged.

52. The conduct of the named Defendants and their attorneys, have caused Plaintiffs to suffer general and special damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendants for actual, compensatory and consequential damages, special damages, costs of this action and reasonable attorney's fee and that the Court grant such other and further relief as the Court deems equitable, appropriate and just.

## COUNT IV-DECLARATORY AND INJUNCTIVE RELIEF

53. Plaintiffs re-allege and re-aver the allegations contained in paragraphs 1-52 and incorporates same by reference into this Count.

54. This is an action for declaratory relief which is being brought pursuant to Maryland law to declare that named Defendants and any of their affiliates, have no legal or equitable rights in the Note and Deed of Trust for purposes of asserting rights in the subject property and that said defendants have no legal standing to maintain any interest in the subject property.

55. Maryland law provides that Circuit Courts shall have the power, upon appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and that the declaration shall have

the force and effect of a final judgment.

56. Maryland law provides that relief by declaratory judgment shall be available notwithstanding the fact that the complaining party has any other adequate legal or equitable remedies.

57. As set forth above, the evidence of record demonstrates that Defendants, their affiliates and attorneys, do not possess the requisite legal rights over the subject property due to the fact that none of the defendants was a proper secured creditor as defined in the Maryland Code.

58. As set forth above, named defendants do not possess the original promissory Note, and only have, at best, servicing rights.

59. The declaration by this Court that neither named defendants have any legal right and cannot satisfy the legal standing requirements to institute and maintain any interest in the subject property is a proper subject matter for declaratory relief.

60. Maryland decisional law provides that one who is not a party to a contract whereby title to property is retained in the seller as security for the balance of the purchase money, who is not named as payee in the notes for the payments, and who has no legal, valid rights in the note, deed of trust, or the contract, cannot exercise any rights in the contract in its own name as holder and owner thereof.

61. As set forth above, named Defendants as the interested party named in any notices were not parties to the original mortgage contract documents; was not named as a payee in the note and is thus legally precluded from exercising any rights in the subject property.

62. As set forth above, named defendants or their affiliates, is only the servicer of the note, and as such cannot institute or maintain any action or proceeding regarding the subject property.

WHEREFORE, Plaintiffs demand that the court adjudge:

A.  That neither named defendants, their affiliates or attorneys or any defendant have legal

standing or the proper legal or equitable interest in either the Note and Deed of Trust to institute or maintain any action regarding the subject property; and

B. That any notices are legally defective and precluded from enforcement; and

C. That the Plaintiffs recover their costs and attorney's fees and that the Court grants such other and further relief as the Court deems equitable, appropriate and just.

## COUNT V--AN ACCOUNTING

63. Plaintiff re-avers and re-alleges the allegations contained in paragraphs 1-62 and incorporate same by reference into this count.

64. Plaintiff demands an accounting from named Defendants and servicers for any and all amounts claimed due; all payments received from Plaintiffs; what said payments were applied to and what named Defendants claim as the legal amount to be due on Plaintiff's loan.

WHEREFORE Plaintiff demands an accounting for all sums due and all sums paid on said loan transactions and that the court grant such other and further relief as the court deems equitable, appropriate and just.

## COUNT VI-DECEPTIVE, UNFAIR TRADE PRACTICE/PREDATORY LENDING

65. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-64 and incorporates same into this Count.

66. Named Defendants, by engaging in and undertaking actions as described above have committed deceptive trade practices against the Plaintiffs, thereby entitling the Plaintiffs to recover for all damages caused by their tortious conduct. Said deceptive trade practices constitute unfair and predatory lending practices.

67. Named defendants, by engaging in conduct which similarly creates a likelihood of confusion under color of law, have committed Deceptive and Unfair Trade Practice under Maryland law.

68. Named Defendants, by engaging in encumbering Plaintiff's property and in fraud and misrepresentation of material facts, and in committing deceptive trade practice and predatory

lending practices, and in proceeding under false pretenses, have committed false, deceptive and misleading representations in connection with the collection of a debt, to wit: the subject Promissory Note and Deed of Trust in violation of Maryland state law.

69. As a direct and proximate result of named Defendants' actions, Plaintiffs have been damaged, including damage to his credit and credit rating, and other damages as well. Plaintiffs are entitled to actual, compensatory, consequential, punitive and statutory damages.

WHEREFORE, Plaintiffs demands Judgment against Defendants for actual, compensatory consequential, punitive and statutory damages, costs of this action and a reasonable attorney's fee and for such other and further relief as the Court deems equitable, appropriate and just.

## COUNT VII-CANCELLATION OF NOTE AND DEED OF TRUST

70. Plaintiffs re-allege and re-aver the allegations of paragraphs 1-69 and incorporate same by reference into this Count.

71. This is an action to cancel the subject Promissory Note and Deed of Trust in this case.

72. Defendants, by engaging in Fraud and Misrepresentation of material facts; encumbering and clouding Plaintiff's Title; slandering Plaintiff's Title; engaging in Deceptive and Unfair Trade Practices; engaging in Predatory Lending Practices and other unlawful activity resulting in the violation of numerous State laws, have engaged in a course of conduct entitling Plaintiffs to cancellation of the subject Promissory Note and Deed of Trust.

73. Based upon the egregious nature of the violations, the number of violations and Defendant's behavior, which shocks the conscience, Plaintiffs are entitled to a cancellation of the Promissory Note and Deed of Trust based upon Defendants numerous wrongful acts.

74. It is well settled under Maryland law that fraud is sufficient to support an action for cancellation of a written instrument, such as the Promissory Note and Deed of Trust. And a cancellation obtained by fraud or mistake without payment may itself be canceled by a court of

reasonably contemplated when they entered into the agreement.

80. Alternatively, if the note and deed of trust were not validly and properly assigned to the named Defendants, the named Defendants did not act in good faith and did not deal fairly with Plaintiffs.

81. The named Defendants enjoyed substantial discretionary power affecting the rights of Plaintiffs during the events alleged in this Complaint. They were required to exercise such power in good faith.

82. The named defendants engaged in such conduct to try and drive Plaintiffs into foreclosure so that they could acquire the Subject Property at a bargain basement price. These actions were in bad faith breach of the contract between Plaintiffs and the named Defendants which show that they had no intention of performing the contract, consisting of the original note and deed of trust, in good faith.

WHEREFORE, Plaintiff demands Judgment against the named defendants for breach of the covenant of good faith and fair dealing, including actual, compensatory and consequential damages, costs of this action and a reasonable attorney's fee, and that the Court grant such other and further relief as the Court deems equitable, appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demands trial by jury for all issues so triable.

## VERIFICATION

STATE OF MARYLAND  )
                   ) ss
COUNTY OF FREDERICK )

BEFORE ME, the undersigned authority duly authorized to administer oaths personally appeared John R. Unthank and Jackie D. Unthank, Plaintiffs, to me well known or who provided proof of their identity with the following identification: Maryland Driver's License # U535-429-730-384, and 4535-356-139-858 who after being duly sworn, deposes and

says that they have read the foregoing Complaint and that the facts and allegations set forth therein are true and correct, and Affiant so swears under penalty of perjury.

SWORN TO AND SUBSCRIBED before me this 25th [NOVEMBER] day of ~~October~~, 2012.

_____
John R. Unthank, Affiant
Plaintiff Pro Se
9513 Tottenham Circle
Frederick, MD 21704
Phone: 301-834-4606

_____
Jackie D. Unthank, Affiant
Plaintiff Pro Se
9513 Tottenham Circle
Frederick, MD 21704
Phone: 301-834-4606